UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDALLION HOMES GULF COAST, INC.,
et al.,

    Plaintiffs,

v().                                            CASE NO: 8:07-cv-246-T-23TBM

INNA GEVORGYAN.,

    Defendant.
_____/

## **ORDER**

    Medallion Homes Gulf Coast, Inc., and Cargor Partners IV-Bobcat, LC ("the plaintiffs") sue Inna Gevorgyan ("Gevorgyan") for specific performance of a contract to purchase real property. Asserting federal jurisdiction based on diversity of citizenship, Gevorgyan removes this action (Doc. 1) pursuant to 28 U.S.C. § 1446. The plaintiffs move to remand (Doc. 5) and argue that Gevorgyan has failed to establish by a preponderance of the evidence the requisite amount in controversy.

    Subject matter jurisdiction exists in a civil action if the amount in controversy exceeds $75,000 and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(3). As the removing party, Gevorgyan bears the burden of establishing subject matter jurisdiction. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005). No party disputes that this action is between "citizens of different States" under 28 U.S.C. § 1332(a)(3). Instead, the plaintiffs argue that "Gevorgyan cannot meet the amount in controversy requirement of $75,000.00" (Doc. 5 at 2).

Because the plaintiffs' complaint (Doc. 2) fails to claim a specific amount of money damages, Gevorgyan must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  <u>Williams v. Best Buy Company, Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).  In determining whether the amount in controversy is satisfied, "a district court may properly consider post-removal evidence."  <u>Sierminski v. Transouth Fin. Corp.</u>, 216 F.3d 945, 949 (11th Cir. 2000).

"In determining the amount in controversy, the Court looks first to the complaint." <u>Fichtenkort v. Catalyst Int'l, Inc.</u>, No. 8:05-cv-387-T-24EAJ, 2005 WL1205521, at *2 (M.D. Fla. May 20, 2005).  The complaint (Doc. 2), which seeks specific performance of a real estate contract, alleges that in April, 2005, Gevorgyan contracted with the plaintiffs for the construction of a home at 2261 Silver Palm Road in North Port, Florida (Doc. 2 at 2) but that "Gevorgyan has failed and refused to pay the balance due under the Contract or to otherwise close on the purchase of the property" (Doc. 2 at 3). Attached to the complaint is a copy of the "CONTRACT FOR SALE OF REAL ESTATE AND HOME CONSTRUCTION" ("the Contract"), which is signed by Gevorgyan as "BUYER" and by the plaintiffs' agents as "SELLER" and "BUILDER" (Doc. 2 at 12).  The Contract acknowledges the plaintiffs' receipt from Gevorgyan of a deposit in the amount of $25,100.00 and reflects a remaining balance of $475,066.00 due to the plaintiffs at closing (Doc. 2 at 5).

In a suit demanding specific performance of a real estate contract, "the amount in controversy is established by the value of the property." <u>Occidental Chemical Corp. V. Bullard</u>, 995 F.2d 1046, 1047 (11th Cir. 1993).  Similarly, "[i]n actions seeking

declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advt'g Comm'n, 432 U.S. 333, 347-48 (1977). Readily ascertainable on casual inspection of the complaint and the accompanying Contract is a controversy of not less than $475,066.00. Accordingly, the plaintiffs' motion to remand (Doc. 5) is **DENIED**.

The plaintiffs also move (Doc. 3) to compel arbitration pursuant to the express terms of the Contract. The court and not the arbitrator properly decides the issue of arbitrability. AT&T Technolgies, Inc. v. Communications Workers of America, 475 U.S. 643, 648-49 (1986). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." AT&T Tech., Inc., 475 U.S. at 650.

The ultimate issue is "whether the parties in fact agreed that the particular dispute was to be resolved by the process of arbitration rather than the judicial process." General Mills, Inc. v. Hunt-Wesson, Inc., 889 F. Supp. 1119, 1122 (D. Minn. 1995). The Contract provides in pertinent part:

> Any controversy or claim arising under or related to this Contract . . . shall be settled and finally determined by mediation or by binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. Sections 1-14) and similar state statutes and not by a court of law.

(Doc. 2 at 6-7). The plain language of the Contract reveals that the parties specifically contemplated the issue of breach and elected to arbitrate any dispute arising from the

Contract.  Failing to seriously challenge the import of the Contract's arbitration clause, Gevorgyan states "I did not file this case with a court, Plaintiffs did.  So it appears Plaintiffs have gone against their own contract" (Doc. 9 at 5).

If the factual allegations of a dispute "touch matters" covered by an arbitration agreement, those matters should be arbitrated "whatever the legal labels attached to those allegations."  <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473 U.S. 614, 622 n.9, 624 n.13 (1986).  Accordingly, the plaintiffs' motion (Doc. 3) to compel arbitration is **GRANTED**.  Pursuant to 9 U.S.C. § 4, the parties are directed to proceed to arbitration in accordance with the agreement.  Because "[t]he weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration," this action is **DISMISSED**.  <u>See</u> <u>Gilchrist v. Citifinancial Servs., Inc.</u>, No. 6:06-cv-1727-Orl-31KRS, 2007 WL 177821, at *4 (M.D. Fla. Jan. 19, 2007) (quoting <u>Alford v. Dean Witter Reynolds, Inc</u>., 975 F.2d 1161, 1164 (5th Cir. 1992)).  The Clerk is directed to terminate any pending motion and close the case.

ORDERED in Tampa, Florida, on March 27, 2007.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE